Electronically FILED by Superior Court of California, County of Los Angeles on 03/07/2019 01:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Scott,Deputy Clerk
19BBCV00201
Assigned for all purposes to: Burbank Courthouse, Judicial Officer: William Stewart

RICHARD HOFMAN ESQ. SBN 110692
29219 CANWOOD ST., NO 101,
AGOURA HILLS, CA. 91301
Telephone: (818) 203-6777
EMAIL: HOFMAN.R@GMAIL.COM

Attorneys for Plaintiff ROGER TEMPLE

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ROGER TEMPLE,<br><br>          Plaintiff,<br><br>     vs.<br><br>NATIONSTAR MORTGAGE LLC; MR.<br>COOPER;QUALITY LOAN SERVICE<br>CORPORATION AND DOES 1-100,<br>INCLUSIVE<br>          Defendants. | Case No. 19BBCV00201<br><br>COMPLAINT  FOR:<br><br>1.  VIOLATION OF BUSINESS &<br>    PROFESSIONS CODE §17200<br>    ET SEQ & RICO;<br><br>2.  FRAUD;<br><br>3.  NEGLIGENCE;&,<br><br>4.  BREACH OF CONTRACT |

COMES NOW Plaintiff, ROGER TEMPLE ("Plaintiff"), complaining of the Defendants, and

Each of them, to wit:

COMPLAINT FOR 1. VIOLATION OF BUSINESS AND PROFESSIONS CODE; 2. FRAUD; 3. NEGLIGENCE; & 4. BREACH OF CONTRACT

Page 1

## INTRODUCTION

1.     Plaintiff asserts that Defendants are engaged in a criminal enterprise and have committed multiple bad acts in their foreclosure business and have engaged in racketeering invoking RICO liability. Plaintiff is informed and believes and therein alleges that Defendant Nationstar changed its name to Mr. Cooper in order to attempt to evade the stench of all of its prior criminal misconduct. Plaintiff is informed and believes that Defendant Quality assists this criminal enterprise with full knowledge and understanding and purports to act as the stooge while carrying out the ministerial acts of foreclosure to conclusion—knowing that they are not entitled to act in that manner. DEFENDANTS, and others alleged to be seeking ownership, have and are attempting to conduct a void **Trustee's Sale** based on **their intentional** and deliberate ongoing misconduct.

## THE PARTIES

2.     At all times relevant to this action, Plaintiff has owned  the real property commonly known as 12021 Guerin St. UNIT 104, Studio City  Ca. 91604 (the "Subject Property").

3.     Plaintiff is informed and believes and thereon alleges that Defendant NATIONSTAR MORTGAGE LLC. ("NM") is doing business in the County of Los Angeles, State of California, and was the purported last Mortgage Servicer (up until it deceitfully changed its name to the current Mr. Cooper) of the mortgages herein and in late 2016 and early

COMPLAINT FOR 1. VIOLATION OF BUSINESS AND PROFESSIONS CODE; 2. FRAUD; 3. NEGLIGENCE; & 4. BREACH OF CONTRACT

2017, and again in or about March 2018 per agreement, agreed to undertake certain tasks for the benefit of Plaintiff but have failed to do so as described below. Defendant Quality Loan Service Corporation ("QL") is the foreclosure trustee with regard to the threatened foreclosure as to the subject property and is using false documents and a false purported breach to pursue its trustee's sale.  QL does business in the County of Los Angeles, California and with the knowledge and consent and direction of Defendant NM intentionally and knowingly is pursuing a trustee's sale against Plaintiff despite the fact they know and are informed that any such sale is unlawful. Defendant Mr. Cooper ("C") is the party who just announced that foreclosure has begun and is the new name for NM (done in an attempt to disguise and shield their prior misconduct and bad reputation from consumers while still acting in conformity with their prior misconduct.).

4.      Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through Does 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest in the Subject Property.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants is responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

5.      Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was the agent, employee, servant and/or joint venturer of the remaining Defendants, and each of them, and in doing the things alleged herein below, was

COMPLAINT FOR 1. VIOLATION OF BUSINESS AND PROFESSIONS CODE; 2. FRAUD; 3. NEGLIGENCE; & 4. BREACH OF

CONTRACT                                                                                                        Page 3

acting within the course and scope of such agency, employment and/or joint venture.

6.     At all times relevant hereto Defendants, and each of them, and enhanced by the special relationship which was created by Defendants' acts in agreeing to  handle Plaintiff's request for a loan modification and to cease foreclosure activity, and to provide a settlement proposal for the dismissal of litigation in return for Plaintiff not pursuing its prepared lawsuit based on Defendants prior bad acts, were required to exercise all of their duties towards Plaintiff with the appropriate care and skill and to protect Plaintiff's interests with respect to the underlying loan transaction, any loan modification negotiations, potential legal proceedings between the parties and Plaintiff's property itself. Moreover, Plaintiff further alleges, that Defendants, and each of them, through a collective criminal enterprise, failed to adhere to the standards of care required of them and intentionally disregarded such standards required by contract and through California statutes (e.g. 2924, 2932.5 et seq.) making all instruments, notices of default, notices of trustee's sales and other such documents **void** as a matter of law.

7.     Plaintiff is informed and believes, and thereon alleges, that the Defendants herein, and each of them, are named in their respective purported or putative capacities only, based on Plaintiff's claims or assertions only, and are not to be taken as judicial admissions by Plaintiff of any fact or facts in dispute in this action.

//

//

COMPLAINT FOR 1. VIOLATION OF BUSINESS AND PROFESSIONS CODE; 2. FRAUD; 3. NEGLIGENCE; & 4. BREACH OF

CONTRACT                                                                                                      Page 4

1  //

2

3  //

4

5  //

6

7  //

8  //

9

10  //

11

12

13

14  ## FIRST CAUSE OF ACTION: UNFAIR BUSINESS PRACTICES & RICO
## (AGAINST ALL DEFENDANTS)

15

16  8.Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

17  fully set forth hereat.

18  9. In essence, In or about February 2018, per agreement and per the law, and knowing

19  that the subject property was not owner occupied, and under the threat of litigation from

20  Plaintiff, Defendants, agreed, in writing and orally, not to pursue any foreclosure activity against

21  the subject property until after it provided a real, good faith, reasonable financial settlement

22

23  proposal for fully resolving Plaintiff's pending, but not filed, lawsuit and thereafter engaging in

24  good faith negotiations to see if all could be resolved . That complaint at issue at that time dealt

25  with NM & QL's prior bad acts as to their handling of loss mitigation and the foreclosure

26  process as a whole. Additionally, although they indicated that they would, Defendants, and each

27

28  COMPLAINT FOR 1. VIOLATION OF BUSINESS AND PROFESSIONS CODE; 2. FRAUD; 3. NEGLIGENCE; & 4. BREACH OF

CONTRACT                                                                                     Page 5

of them, instead of undertaking any promised good faith review, failed to do any review without any valid reason. These activities of Defendants were so prevalent and improper that Defendant NM had to change its name to C in an attempt to cover up for its prior misconduct with the specific intention of deceiving consumers. The fact that Defendants are still engaged in the same bad acts establishes that the name change alone to C was an unfair business practice designed to shield Defendants and permit them to engage in further unlawful and illegal foreclosure acts. Plaintiff believes that the misconduct, and multiple acts of same, also constitutes a Rico violation entitling Plaintiff to all of the remedies available under that statute.

10.    Contrary to the agreement of the parties and to the express representations of Defendants and in further bad faith without any prior notice, on or about March 1, 2019 Defendants QL & C notified Plaintiff that a Notice of Default ("NOD") had been filed and that the foreclosure process had been restarted. Such actions, without notice or warning, were in direct violation of the agreement of the parties, of the representations made on behalf of Defendants in or about February 2018 that no foreclosure activity would commence with regard to the property (in consideration of Plaintiff not pursuing its prepared and provided to NM lawsuit referencing prior the prior misconduct of Defendants NM & QL) and is also unlawful dual tracking and foreclosure misconduct as constituting foreclosure activity during the pendency of ongoing loss mitigation.    As there were specific representations made by Defendants, it is clear that Defendants, and each of them acted knowingly and with the intent to harm Plaintiffs, like Plaintiff in the instant. Plaintiff is informed and believes and thereon alleges that Defendants believe that if they are persistent enough in continuing with their unlawful foreclosure practices that that will ultimately financially benefit them.    That is why the name

change to C (appropriate for this corrupt enterprise) is so cynical. A maneuver to further deceive the consumers and financially benefit big and corrupt institutions.

11.    Defendants, and each of them, further engaged in improper and illegal conduct by falsely promising Plaintiff that they would accept and fairly review his request for a loan modification. Such statements on the part of Defendants, and each of them, were false and untrue. Defendants, despite a negotiated agreement, failed to provide Plaintiff with the promised review and took every action to indicate they did not intend to provide Plaintiff with any such opportunity.

12.    As a direct and proximate result of the unfair business practices of the above specified Defendants, and each of them, as herein alleged, Plaintiff has incurred damages in that Plaintiff's real property  is at risk of being lost to foreclosure at the hands of the above specified Defendants, and each of them, and by reason of which Plaintiff has had to expend monies to attempt to prevent the loss of his home by hiring counsel and experts and has been forced to pay excessive and improper fees and costs purportedly imposed by Defendants.  Moreover, by reason of Defendants, and each of them, Plaintiff has suffered extreme emotional distress. Further, by the delays occasioned through Defendants misrepresentations, Plaintiff has lost the opportunity to have his claims already adjudicated, has lost the opportunity and market to dispose of his property at a profit and other such damages and lost opportunities according to proof.

13.    Unless this Court takes immediate action Plaintiff will be irreparably injured. Plaintiff, a senior citizen and military veteran will lose his property if this injunction is not granted. Thus, in light of the threat of irreparable damage, Plaintiff requests that the Court enjoin

Defendants, and each of them, from conducting any trustee's sale with regard to Plaintiff's property and to examine the general foreclosure practices of Defendant's NM, C & QL and any of its successor's in interest. In light of Defendants, and each of their, disregard for the law of this State, Plaintiff requests that Defendants, and each of them, be enjoined from undertaking any further trustee's sales in California. The name change alone to C is enough to suggest a continuing criminal enterprise to financially benefit from unlawful foreclosures. As Defendants have engaged in multiple acts of misconduct, Plaintiff is also entitled to all of the remedies available under the Rico statutes.

## SECOND CAUSE OF ACTION-FRAUD

## (AGAINST NATIONSTAR & MR COOPER ONLY)

**14.**    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

15.    In essence, per agreement, written and oral, in or about FEB 2018, Defendants agreed and represented through their agents including, but not limited to the attorneys who would have been handling the prior pending and provided, but not filed, litigation (arising from the prior misconduct of Defendants related to their prior mishandling of loss mitigation and foreclosure process) and acting as the  only communication mode, and from the agreements entered into  by NM, agreed and promised, orally and in writing as follows:

A. In return for plaintiff not filing the lawsuit or pursuing the legal action which

was pending, which had been submitted to NM for review, and which asserted claims related to Defendants clear and obvious misconduct, Defendant, agreed and asserted, that in return for Plaintiff not filing the prior lawsuit nor seeking relief, Defendants would not pursue any further foreclosure activity against plaintiff's property until after it provided a reasonable, good faith and comprehensive financial settlement proposal for the full resolution of the then pending lawsuit (which in and of itself sought loss mitigation) and such settlement discussions had been exhausted. Moreover, prior to March 2018, there were several further false promises offered by NM through its representatives, TO UNDERTAKE A FORECLOSURE REVIEW IN GOOD FAITH despite defendants obviously never intending to do so and never doing so. These subject comments were false, knowingly false, offered with the intention that Plaintiff would rely on such representations and by Plaintiff not pursuing the pending lawsuit and going away and that Defendants, and each of them, would be able to misappropriate a property that they believed had equity or future equity. Defendants, and each of them, intentionally lied to Plaintiff and specifically intended that Plaintiff rely on the false promises to his detriment. They are moving forward with the trustee's sale without having engaged or offered any offers of settlement and even doing so further without any prior notice evidencing a further bad faith intention.

16.     Plaintiff relied on the false representations offered by Defendants, by and through their agents and counsel, and did not file the prior lawsuit in reliance on same thereby having been delayed the opportunity to have its claims adjudicated prior to Defendant seeking a trustee's sale now (Notice of which was just received from the Trustee), nor the opportunity to sell the subject property at a time the real property market was in a better state, all to Plaintiff's detriment. Plaintiff's reliance was reasonable and Defendants intended that Plaintiff rely on their

further false promises so that the lawsuit and claims would not be pursued, Defendants would not incur large sums of legal costs and so that Defendant could move forward with the trustee's sale against a valuable property with equity without providing Plaintiff the opportunity to settle its lawsuit nor without providing the loss mitigation that was promised. Further the name change from NM to C is further evidence of Defendants, and each of their, efforts to engage in further misconduct—evidencing a further malicious intent.

17. As a direct and proximate result of the fraud of the above specified Defendants, and each of them, as herein alleged, Plaintiff has incurred damages in that Plaintiff's real property and home is at risk of being lost to foreclosure at the hands of the above specified Defendants, Plaintiff has lost the ability to recover damages on its prior lawsuit along with interest on such a recovery, Plaintiff has had to expend monies to attempt to prevent the loss of his home by hiring counsel and experts and has been forced to pay excessive and improper fees and costs imposed by Defendants, and Plaintiff has lost potential profits. Additionally, the improper actions undertaken by Defendants, and each of them, so confused title to Plaintiff's property as to prejudice his ability to cure the alleged defaults claimed by defendants and to prematurely put him in a recorded default position on multiple occasions. Moreover, by reason of Defendants' actions, Plaintiff has lost money and opportunity in the real estate market. **Plaintiff was notified in early March 2019, that contrary to all of the above promises, and without performing in any respect, that it had reinitiated foreclosure activity and were pursuing a trustee's sale**. Damages are believed to exceed $10,000,000.

18.     Defendants' actions were done with evil intent, ill will and malice and with the intention to damage Plaintiff and with the specific intent of making false promises to Plaintiff in return for misappropriating plaintiff's property and just saving monies in having to pay out legal fees and other costs. In light of Defendants complete failure to do what it has promised and to proceed with a foreclosure sale without notice after trying to disguise their bad faith actions by changing their name is further direct evidence of malice. In light of same, Plaintiff is entitled to an award of punitive damages according to proof at trial.

## THIRD CAUSE OF ACTION-NEGLIGENCE

## (AGAINST ALL DEFENDANTS)

19.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

20.     Per conduct and agreement Defendants owed Plaintiff a duty of care to not undertake any foreclosure activities without first providing reasonable and good faith financial settlement offers and thereafter attempting to negotiate a final resolution of Plaintiff's prior provided claims. Defendants breached their duties by initiating Foreclosure activities without doing what they were obligated to do and also while Loss mitigation was still pending.

21.     As a proximate result of the negligence, Plaintiff has suffered damages according to proof at trial.

COMPLAINT FOR 1. VIOLATION OF BUSINESS AND PROFESSIONS CODE; 2. FRAUD; 3. NEGLIGENCE; & 4. BREACH OF CONTRACT

## FOURTH CAUSE OF ACTION—BREACH OF CONTRACT

### (AGAINST DEFENDANTS NM & C)

22.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

23.   In or about February 2018, per agreement and per the law, and knowing that the subject property was not owner occupied, and under the threat of litigation from Plaintiff and having been provided a copy of the unfiled lawsuit, Defendants, agreed, in writing and orally, not to pursue any foreclosure activity against the subject property until after it provided a real, good faith, reasonable financial settlement proposal for fully resolving Plaintiff's pending, but not filed, lawsuit, and thereafter engaging in good faith  negotiations to see if all could be resolved. NM & C further agreed to undertake a promised good faith loss mitigation review. Defendants have received consideration from Plaintiff in that Plaintiff did as agreed by not filing the prior lawsuit and refraining from pursuing relief for its claims and not seeking to dispose of the property.

24.   Defendants, and each of them, have breached the subject agreement by not engaging in settlement negotiations prior to initiating foreclosure proceedings and by not engaging in a good faith loss mitigation review as agreed.

25.   As a proximate result of Defendants', and each of their breach, Plaintiff has been damaged in a sum according to law.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for the following relief as referenced in each Cause of Action as follows:

*As to the First Cause of Action*:

1.For an injunction preventing and enjoining defendants from conducting any trustee's sale against Plaintiff's property and from conducting any trustee's sales in California at all:

*As to all causes of action where applicable*:

2.     For Compensatory Damages in an amount to be determined by proof at trial;

3.     For General Damages in an amount to be determined by proof at trial;

4.     For Attorney's Fees and Costs;

5.     For Punitive Damages according to proof on the second cause of action;

6.     For all applicable and available RICO damages;

7.     For any prejudgment or other interest according to law; and

8.     For such other and further relief that the Court deems just and proper.

Dated: MARCH 6, 2019                    LAW OFFICES OF RICHARD HOFMAN

By:     _____
RICHARD HOFMAN, Esq.
Attorney for Plaintiff

COMPLAINT FOR 1. VIOLATION OF BUSINESS AND PROFESSIONS CODE; 2. FRAUD; 3. NEGLIGENCE; & 4. BREACH OF CONTRACT

Page 13